IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA WOODS,** | ] |
| **Plaintiffs,** | ]<br>] |
| v. | ]   Case No.:   2:13-cv-543-KOB<br>] |
| **WYETH, LLC,** *et al.*, | ]<br>] |
| **Defendants.** | ]<br>]<br>] |

### MEMORANDUM OPINION & ORDER

This matter is before the court on the Plaintiff's "Motion for Leave of Court to Amend Complaint against the Generic Defendants." (Doc. 204).

The court recently dismissed all of the generic defendants from this suit, finding that Plaintiff Linda Woods's claims against them were either preempted by federal law or were insufficiently pled. (Docs. 200 & 201). In light of that dismissal, Woods now asks the court for permission to amend her Complaint so that she may correct her pleading deficiencies.

In considering whether to grant a motion for leave to amend a complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In reviewing these factors, the court finds that Plaintiff's Motion is due to be DENIED for the following reasons.

1

First, Plaintiff's proposed amendment is untimely. In its Scheduling Order, the court set the deadline for amending pleadings as May 1, 2015. The court allowed the Plaintiff to amend her Complaint once during this time period, after she obtained new counsel.

Second, Plaintiff's proposed amendment would be unduly prejudicial to the generic defendants. The generic defendants have already fully briefed their Motions for Judgment on the Pleadings based on the Plaintiff's First Amended Complaint, and the court has ruled on those Motions, finding in the generic defendants' favor and dismissing them from this suit. Allowing Plaintiff to amend her Complaint and to reassert her claims against the generic defendants at this point would cause the generic defendants undue prejudice.

Third, Plaintiff's proposed amendment is futile. Plaintiff requests leave of court to more specifically address the causation issues against the generic defendants; however, the court finds that, even with the proposed additions, Plaintiff's proposed Amended Complaint is deficient.

The Plaintiff's proposed Amended Complaint includes new allegations regarding her doctor's references to the generic drug metoclopramide. However, Plaintiff still alleges in her proposed Amended Complaint that her "prescriptions were written for 'Reglan', i.e., the name of the brand name product." (Doc. 204-2, ¶ 66). Thus, Plaintiff still fails to allege facts sufficient to show that the generic defendants' actions proximately caused her injuries.

Further, the Plaintiff's proposed Amended Complaint continues to be deficient in other respects. The Plaintiff's proposed Amended Complaint still contains many of the same counts and allegations that the court has already found to be deficient, such as the Plaintiff's fraud claim, Plaintiff's allegations regarding the generic defendants' failure to send "Dear Doctor" letters, and Plaintiff's claims against generic defendant Teva, which Plaintiff has admitted are due to be

dismissed (*see* doc. 193, at 2). Allowing the Plaintiff to amend her Complaint would require the court to revisit the same issues it has already ruled on, further prejudicing the generic defendnats who have already successfully addressed those very same counts.

Therefore, the court DENIES the Plaintiff's Motion for Leave to Amend her Complaint.

DONE and ORDERED this 6th day of June, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE